**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3183-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES JOHNSON,

    Defendant-Appellant.

_____

Submitted May 28, 2026 – Decided August 4, 2026

Before Judges Currier and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-06-1409.

Hegge & Confusione, LLC, attorneys for appellant (Michael Confusione, of counsel and on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from the April 29, 2025 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing was conducted in accordance with a remand from this court. We affirm.

We assume the parties are fully familiar with the facts and procedural history from our opinion issued on direct appeal and defendant's first PCR. However, to put the current arguments in context, we recount the pertinent facts and procedural history.

In 2016, defendant was convicted of second-degree conspiracy (carjacking), first-degree carjacking, second-degree unlawful possession of a weapon, second-degree possession of a weapon for an unlawful purpose, third-degree fraudulent use of a credit card and fourth-degree forgery. After the jury found defendant guilty of the above offenses, he pleaded guilty to second-degree certain persons not to have a weapon. He was sentenced to an extended term of thirty years imprisonment pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2. On direct appeal, we affirmed the convictions and sentence. State v. Johnson, No. A-0431-21 (App. Div. May 30, 2024).

In 2020, defendant filed a PCR petition, contending trial counsel was ineffective by failing to investigate and present alibi evidence at trial. After an evidentiary hearing at which defendant, his girlfriend, bail counsel, and trial

counsel testified, the PCR court denied the petition. The PCR judge found defendant was not credible as he had not mentioned an alibi defense at the time of trial or during prior proceedings. The judge found defendant's girlfriend credible as to the existence of housing complex video but noted her testimony was inconsistent with defendant's regarding the timeline of events.

On appeal, defendant asserted trial counsel should have presented video evidence which purportedly showed him entering a housing complex at the time the carjacking was taking place and called his girlfriend as a witness.

We acknowledged the PCR court's credibility findings and the witnesses' testimony, specifically that bail counsel viewed the video, but the copy was either corrupted or "otherwise not viewable." Id., at 18. We also noted trial counsel's testimony that although he was given a copy of the video, it was not viewable and he returned it to either defendant or defendant's girlfriend. Notwithstanding, we remanded the case for a further hearing before the PCR court "regarding trial counsel's efforts to obtain a viewable copy of the video." Id. at 19.

The PCR court conducted a second evidentiary hearing on March 5, 2025. Trial counsel testified that he recalled a conversation regarding a CD with video surveillance that might possibly support an alleged alibi defense. Counsel

recalled the video could not open and that the footage it might contain was not of the precise time of the carjacking. As a result, defendant could have been at the housing complex but also at the scene of the crime, which was not far away. Since there was no video evidence to support an alibi defense, trial counsel determined the best strategy was to cross-examine the victim and assert misidentification, since the victim had misidentified the second suspect in a photo array.

The PCR court found trial counsel credible, as he had a specific recollection regarding the video. In addition, counsel recalled his defense and legal strategy of misidentification and discussed it with defendant.

The PCR court issued a thorough written opinion targeting the directed issue on remand. After considering the pertinent case law of Strickland v. Washington, 466 U.S. 668, 686-87 (1984), and State v. Fritz, 105 N.J. 42 (1987), the court found defendant could not satisfy either prong of the requisite standard. The court denied the PCR petition.

On appeal before us a second time, defendant contends the PCR court erred in denying defendant's petition for PCR.

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J.

451, 459 (1992)).  PCR provides "a built-in 'safeguard that ensures that a defendant was not unjustly convicted.'"  State v. Nash, 212 N.J. 518, 540 (2013) (quoting State v. McQuaid, 147 N.J. 464, 482 (1997)).  Where the PCR court's findings of fact are based on "live witness testimony," we review the findings to determine whether they "are supported by sufficient credible evidence in the record."  Ibid.  We review a PCR court's conclusions of law under a de novo standard.  State v. Harris, 181 N.J. 391, 415 (2004).

To prevail on his ineffective assistance of counsel claim, defendant has the burden of satisfying the Strickland/Fritz test.  Pursuant to Strickland, defendant must prove that:  (1) counsel's performance was deficient to the extent they were not functioning as counsel guaranteed by the Sixth Amendment; and (2) counsel's deficient performance prejudiced defendant.  466 U.S. at 687; see also Fritz, 105 N.J. at 42.

A defendant can satisfy the first prong of the Strickland/Fritz test by "showing that counsel's acts or omissions fell outside the wide range of professionally competent assistance."  State v. Allegro, 193 N.J. 352, 366 (2008) (quoting State v. Castagna, 187 N.J. 293, 314 (2006)).  Furthermore, where counsel's performance prejudices a defendant and deprives them of a fair trial, the second Strickland/Fritz prong is satisfied.  Fritz, 105 N.J. at 58.

A-3183-24

To satisfy his burden and "establish a prima facie claim, [defendant] must do more than make bald assertions." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Instead, "defendant must demonstrate a reasonable likelihood that his . . . claim . . . will ultimately succeed on the merits." R. 3:22-10(b); see also State v. Brewster, 429 N.J. Super. 387, 392 (App. Div. 2013). Further underpinning this analysis is the presumption that an attorney's conduct "constituted reasonable professional assistance." State v. Petrozelli, 351 N.J. Super. 14, 21-22 (App. Div. 2002).

After careful review, we affirm substantially for the reasons expressed in the PCR court's well-reasoned April 29, 2025 written opinion. Defendant did not establish a prima facie case of ineffective assistance of counsel as required under Strickland/Fritz. We are satisfied defendant's arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M.C. Hanley_

Clerk of the Appellate Division

6                                                                          A-3183-24